# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA

v.  Case Number   CR 04-014

DUKE AMIR

Defendant.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**FILED**

APR 1 6 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The defendant, DUKE AMIR, was represented by John Briley Jr., Esquire.

The defendant pled guilty to count one (1) of the information on January 21, 2004. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. 7206(2) | Preparing False Income Tax Return | February 22, 2001 | 1 |

As pronounced on April 14, 2004, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The mandatory special assessment is included in the portion of this Judgment that imposes the Criminal Monetary Penalties

It is further ordered that the defendant shall notify the United States Attorney and the Clerk's Office for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances that might affect the ability to pay.

Signed this the ____ day of April, 2004.

GLADYS KESSLER
United States District Judge

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk

By _____
Deputy Clerk

RECEIVED 2004 APR 16 P 3:14 USMS PRISONER OPERATIONS DISTRICT OF COLUMBIA

Defendant's SSN:
Defendant's Date o
Defendant's USM
Defendant's addre                : 20011



Judgment--Page 2 of 6

Defendant   DUKE AMIR
Case Number   CR 04-014

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty (20) months

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons when notified to report by the United States Marshal, Probation Office or Pretrial Services Office .

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on 07-22-04 to FCI _____
at MRU, WV _____, with a certified copy of this Judgment.

P.E. Deyarko, LLFE
/s/

Dominic A. Gutierrez, Sr.,
Warden

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 6

Defendant: DUKE AMIR
Case Number: CR 04-014

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of one (1) year

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by the probation office of this court set forth on the next page. The defendant shall also comply with the following special conditions:

No preparation of any tax returns.

The defendant must file all appropriate tax returns.

The defendant shall not violate the law in any way.

Judgment--Page 4 of 6

Defendant: DUKE AMIR
Case Number: CR 04-014

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any such controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev 11/00 PC) Sheet 5, Part A - Criminal Monetary Penalties
Case 1:04-cr-00014-GK   Document 16   Filed 04/16/04   Page 5 of 5

Judgment--Page 5 of 6

Defendant: DUKE AMIR
Case Number: CR 04-014

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below under **SCHEDULE OF PAYMENTS** heading

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| one (1) | $100.00 | $0.00 | $117,326 00 |
| TOTALS: | $100.00 | $0.00 | $117,326.00 |

The interest requirement was not waived or modified.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under Schedule of Payments section may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## RESTITUTION

Restitution was ordered pursuant to a plea agreement in the amount of **$ $117,326.00.**

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Philadelphia Fraud Detection Center, 11501 Roosevelt Boulevard, Philadelphia, PA 19154, Attn: Mary Somma | $117,326.00 | $117,326.00 | |
| **TOTALS:** | | $117,326 00 | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and/or other criminal monetary penalties shall be paid from prison earnings. Payment of Restitution shall start from prison earnings, after the Special Assessment has been paid